IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KONAN SNOWDEN,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) No. 3:13-CV-2277-B<br>) |
| GARRET LANDRY, Justice of the Peace, and<br>CLERK OF COURT, Precinct 4, Place 2,<br>    Defendants. | )<br>)<br>) |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.  BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint for breach of contract and violation of his constitutional rights. Defendants are Dallas County Justice of the Peace Garret Landry and the Dallas County Clerk of Court. Process has not issued pending preliminary screening.

Plaintiff was convicted in Dallas County of unlawful possession of a controlled substance in cause number F-1034937-K. On April 21, 2011, he was placed on deferred adjudication probation. He was also ordered to pay court costs and a fine.

Plaintiff alleges he has paid the required court costs and fine, but that Defendants are threatening to arrest him and revoke his probation for failure to make the required payments. Plaintiff seeks a preliminary injunction to prevent Defendants from arresting him and revoking

his probation. He also seeks money damages in the amount of $3,298.10.

## II. SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### 1. Injunctive Relief

To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his substantial injury outweighs the threatened harm to the other party, and (4) granting the preliminary injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009). The Fifth Circuit has stated that, "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four

requirements." *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003)).

In this case, Plaintiff cannot show a substantial likelihood of success on the merits because his claims for relief are not ripe. A claim is not ripe for review if "it rests upon contingent future events that may not occur as anticipate, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).

In this case, Plaintiff has not alleged that a motion to revoke his probation has been filed, or that an arrest warrant has been issued. It is a matter of conjecture whether either of these two events will occur. Plaintiff's motion for a preliminary injunction should therefore be denied.

## 2. Complaint

Plaintiff claims the Defendants are violating his constitutional rights under 42 U.S.C. § 1983. He states that if he is required to pay his court costs and fine again, this will violate his Thirteenth Amendment right to be free from involuntary servitude. He seeks money damages in the amount of $3,298.10.

Defendants, however, are immune from suit under § 1983. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Court clerks also are immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010) (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)).

Additionally, as discussed above, Plaintiff's claims for breach of contract and violation of his constitutional rights are not ripe for adjudication. Moreover, in the event Plaintiff's probation

is revoked, any relief this Court could consider would involve an assessment of the legality of Plaintiff's confinement. Such a challenge can only be brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973). Plaintiff's complaint should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's motion for preliminary injunction be denied; and (2) Plaintiff's complaint be dismissed.

Signed this 27 day of June, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).